UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHARLES A. FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. _____ |
| ) | |
| FIRST FINANCIAL INVESTMENT ) | Jury Trial Demanded |
| FUND HOLDINGS, LLC, FIRST FINANCIAL ) | |
| INVESTMENT FUND VI, LLC and ) | |
| BUFFALOE & VALLEJO, PLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendants First Financial Invest Fund Holdings, LLC (FFIF Holdings), First Financial Investment Fund VI, LLC (FFIF VI) and Buffaloe & Vallejo, PLC's (Buffaloe) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiff Charles A. Fox (Plaintiff).

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred here, the Plaintiff resides here, and Defendants transacts business here.

### PARTIES

4. Plaintiff is a natural person who resides in Cocke County, Tennessee.

5. FFIF Holdings is a for-profit foreign limited liability company (Georgia) not registered to do business in Tennessee with a principal office at 3091 Governors Lake Dr #500, Norcross, GA 30071-1135 that currently maintains Robert Chalavoutis, 3091 Governors Lake Dr #500, Norcross, GA 30071-1135 as its registered agent.

6. FFIF VI is a for-profit foreign limited liability company (Georgia) not registered to do business in Tennessee with a principal office at 3091 Governors Lake Dr #500, Norcross, GA 30071-1135 that currently maintains Robert Chalavoutis, 3091 Governors Lake Dr #500, Norcross, GA 30071-1135 as its registered agent, and is currently transacting business in Tennessee without a certificate of authority necessary to maintain a proceeding in any court in this state. **See Tenn. Code Ann. § 48-249-913(a).**

7. Buffaloe is a professional limited liability company registered to do business in Tennessee with a principal office located at 44 Vantage Way, Ste 500, Nashville, TN 37228-1542 that maintains Joel Vallejo, 44 Vantage Way, Ste 500, Nashville, TN 37228-1542 as its registered agent.

## FACTUAL ALLEGATIONS

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. FFIF Holdings is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone, and reports to credit reporting agencies, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. FFIF Holdings operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including Tennessee, by credit reporting the alleged debts to credit reporting agencies. In fact, FFIF Holdings was acting as a debt collector, as defined in the FDCPA, as to the delinquent consumer debt it is attempting to collect from the Plaintiff.

10. FFIF VI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. FFIF VI operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including Tennessee, by filing collection lawsuits against consumers as the named plaintiff. In fact, FFIF VI was acting as a debt collector, as defined in the FDCPA, as to the delinquent consumer debt it is attempting to collect from the Plaintiff.

11. Buffaloe is an agent of FFIF Holdings and FFIF VI, and its owners and employees are regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another and attempt to collect the debts by using communications in the form of telephone calls, collection letters, collection lawsuits, judgment liens, and requests for the issuance of subpoenas, garnishments and levies on behalf of its clients, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendants have alleged that the Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a debt for medical services allegedly originally owed by the Plaintiff to Cocke County HMA, LLC d/b/a Newport Medical Center (CCH) (debt).

13. After default, FFIF Holdings allegedly purchased the alleged debt from an entity named Hospital Management Associates, LLC (HMA), then transferred ownership of the alleged debt to FFIF VI, which hired Buffaloe to assist it in collection of the alleged debt from the Plaintiff.

*Collection Communications*

14. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

*Collection Lawsuit*

15. On April 23, 2018, FFIF VI and Buffaloe filed a civil summons supported by only a sworn affidavit against Plaintiff in state court (collection lawsuit), which was served on the Plaintiff on May 12, 2018. **Copy of collection lawsuit filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

16. On information and belief, Buffaloe prepared the civil summons that is part of the collection lawsuit and FFIF VI or one of its agents prepared the sworn affidavit that is part of the collection lawsuit. **See Doc. 1-1.**

17. The civil summons and sworn affidavit were filed by FFIF VI and Buffaloe in connection with collection of the alleged debt and in an attempt to collect the alleged debt, and conveyed information regarding the alleged debt, including that FFIF VI is the creditor alleged to be owed the alleged debt and the amount alleged as owed, and each is a "communication" as defined by 15 U.S.C. § 1692a(2). **See Doc. 1-1.**

18. The civil summons states that FFIF VI is the state court plaintiff and the amount owed to FFIF VI is $3,260.80. **See Doc. 1-1, p. 1.**

19. The sworn affidavit states:

    1. That <u>Anthony Dreon, records keeper</u>, is the person in charge of the business records for FIRST FINANCIAL INVESTMENT FUND VI, LLC.

    2. Attached hereto are true and exact copies of documents reflecting the transfer of ownership of this account from Hospital Management Associates, LLC to Plaintiff.

3. That after the allowance of all credits and offsets, CHARLES A FOX owes the sum of $3,260.80 which includes the following date(s) of service:

| DATE OF SERVICE | DESCRIPTION | AMOUNT DUE |
| --- | --- | --- |
| 02/24/2013 | 1078416 | $3,260.80 |

**See Doc. 1-1, p. 2.**

20. Anthony Dreon is the person who allegedly signed the sworn affidavit in front of a notary named LaKeshia L. Foresyth on February 21, 2018. **See Doc. 1-1, p. 2.**

21. There are no documents attached to the sworn affidavit "reflecting the transfer of ownership of this account from Hospital Management Associates, LLC to [FFIF VI]." **See Doc. 1-1.**

22. Attached to the sworn affidavit is a communication from Buffaloe which states:

    NOTICE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

    This office represents the creditor to whom this debt is owed and is listed on the attached civil warrant as the plaintiff in this action. Likewise the amount of the debt owed is listed in the civil warrant also.

    In the event you are unable to pay the account in full at this time or if you have any questions regarding the account, please contact Buffaloe & Vallejo, PLC and a member of our staff will be happy to discuss it with you. If you dispute any portion of this debt, please see the next paragraph regarding your rights.

    **Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days of receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment against you (where appropriate), and we will mail you a copy of such verification or judgment. If you make a written request within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**See Doc. 1-1, p. 3.**

23. In response to the collection lawsuit being filed against him and receiving the notice from Buffaloe about his right to dispute the debt within thirty (30) days, on or about May 14,

2018, the Plaintiff sent a letter to Buffaloe disputing that he owed the debt and requesting verification of the debt.

24. On July 26, 2018, the Plaintiff went to state court for the initial hearing on the collection lawsuit and spoke with an attorney from Buffaloe and told him it was not his debt.

25. After not receiving any verification of the debt from Buffaloe and not being able to reach an agreement with Buffaloe for FFIF VI and Buffaloe to dismiss the collection lawsuit against him because it was not his debt, the Plaintiff hired an attorney to represent him with respect to collection of the debt.

26. On September 8, 2018, the Plaintiff's attorney sent an email to Joel Vallejo, an attorney who is an owner of Buffaloe, and notified him that the Plaintiff had retained him with respect to the alleged debt, and that the Plaintiff did not believe he owes the alleged debt because he was at work at the time the debt was allegedly incurred, and that the debt may have been incurred by someone who has a similar name.

27. The knowledge that the Plaintiff had disputed the debt with Buffaloe by letter, in person, and through his attorney was imputed from Buffaloe, as agent, to FFIF VI, as principal.

### *September 26, 2018 Credit Reports*

28. Equifax and TransUnion are each a consumer reporting agency as defined in 15 U.S.C. § 1681a(f), and each regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

29. Each reporting of the alleged debt to Equifax and TransUnion is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See Fulk v. LVNV Funding LLC*, 55 Supp. 3d 967, 973 (E.D. Ky. 2014) ("The Sixth Circuit has assumed, without concluding, that reporting a debt to a credit agency constitutes a

6
Case 2:19-cv-00004-JRG-MCLC   Document 1   Filed 01/03/19   Page 6 of 16   PageID #: 6

'collection activity' under the FDCPA. *Purnell v. Arrow Fin'l Servs., LLC*, 303 Fed. Appx. 297, 304 n.5 (6th Cir. 2008); *See also Riveria v. Bank One*, 145 F.R.D. 614 (D. P.R. 1993); *accord Blanks v. Ford Motor Credit*, 2005 WL 43981, at *3 (N.D. Tex. Jan. 7, 2005) (communicating information to credit reporting agency is a communication in connection with the collection of a debt); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 n.4 (D. Md. 2004) (reporting debt is "in connection with" debt collection); *Sullivan v. Equifax*, 2002 WL 799856, 2002 U.S. Dist. LEXIS 7884, at *15, (E.D. Pa. April 19, 2002) (reporting a debt is a powerful collection tool); *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1331 (D. Utah 1997) (reporting debt information to others is designed to give collector additional leverage over debtor); *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991).

30. Plaintiff obtained copies of his Equifax and TransUnion credit reports dated September 26, 2018.

31. Plaintiff's Equifax credit report shows that an entity named "First Fin Inv Fund Holdings" (FFIF Holdings) has been communicating to Equifax and anyone else who accessed the Plaintiff's Equifax credit report as recently as September 10, 2018, that the Plaintiff owes FFIF Holdings $3,261.00 and that it was a debt buyer account. The communications did not identify the true name of the entity reporting the alleged debt to Equifax, the name of the original creditor of the debt, or that the debt was disputed.

32. Plaintiff's TransUnion credit report shows that an entity named "First Financial Investme" (FFIF Holdings) has been communicating to TransUnion and anyone else who accessed the Plaintiff's TransUnion credit report as recently as September 10, 2018, that the Plaintiff owes FFIF Holdings $3,261.00 and that it was a debt buyer account. The communications did not identify the true name of the entity reporting the alleged debt to

TransUnion or that the debt is disputed, and states that the name of original creditor of the alleged debt is "NEWPORT MEDICAL CENTER".

33. Each reporting of the alleged debt to Equifax and TransUnion by FFIF Holdings, including that it was the creditor alleged to be owed the debt, and amount alleged to be owed, is a "communication" in an attempt to collect a debt from the Plaintiff, as that term is defined by 15 U.S.C. § 1692a(2).

## FDCPA CLAIMS

34. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. See 15 U.S.C. §§ 1692 *et seq.*

35. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692 (a), (b), and (c).

36. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (e).

37. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

38. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

39. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

### *Attempting to Collect Alleged Debt in the Name of Another Entity*

40. The sworn affidavit filed in support of the collection lawsuit states that FFIF Holdings was not the owner of the alleged debt when the Plaintiff obtained his credit reports. **See Docs. 1-1, p. 2.**

41. As shown on the information filed by FFIF Holdings with the Georgia Secretary of State, the only name listed as used by FFIF Holdings is "First Financial Investment Fund Holding, LLC" and no assumed names are listed. **Copy of filing information filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

42. As shown on the information filed by FFIF VI with the Georgia Secretary of State, the only name listed as used by FFIF VI is "First Financial Investment Fund VI, LLC" and no assumed names are listed. **Copy of filing information filed as exhibit 3 to this Complaint (hereinafter "Doc. 1-3").**

43. The alleged debt cannot be owed to "FFIF Holdings" if it does not own the alleged debt. **See Doc. 1-1, p. 2.**

44. In connection with collection of the alleged debt from Plaintiff, FFIF Holdings used false, deceptive, and misleading representations or means by:

   (a) Failing to identify the true name of the alleged creditor in the credit reporting to Equifax and TransUnion, which would mislead the least sophisticated consumer as to the character, amount, and legal status of the underlying debt, in violation of 15 U.S.C. § 1692e(2)(A);

   (b) Communicating to Equifax, TransUnion, and anyone else who accessed the Plaintiff's Equifax and TransUnion credit reports during the year prior to the filing of this Complaint that FFIF Holdings could legally collect the alleged debt in the name of First Fin Inv Fund Holdings was a threat to take action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5);

   (c) Communicating to the Plaintiff, TransUnion, Experian, and anyone else who accessed the Plaintiff's Equifax and TransUnion credit reports during the year prior to the filing of this Complaint that FFIF Holdings could legally collect the alleged debt in the name of First Fin Inv Fund Holdings was credit information FFIF Holdings knew or should have known is false, in violation of 15 U.S.C. § 1692e(8); and

   (d) Using false representations and deceptive means to collect or attempt to collect the alleged debt by credit reporting that the owner of the alleged debt is FFIF Holdings, in violation of 15 U.S.C. § 1692e(10).

### *Attempting to Collect Debt from the Plaintiff He Did Not Owe*

45. By attempting to collect from the Plaintiff by falsely representing or implying in the credit reporting and collection lawsuit that the Plaintiff was responsible for the debt when he was not, the Defendants falsely represented the character, amount, and legal status of a

debt in violation of 15 U.S.C. § 1692e(2)(A), threatened to take and actually took action it could not legally take, in violation of 15 U.S.C. § 1692e(5), communicated credit information which it knew or should have known was false, in violation of 15 U.S.C. § 1692e(8), which is the use of false, deceptive, and misleading representations or means in connection with collection of any debt, and the use of false representations and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair means to collect or attempt to collect any debt and the collection of any amount not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1), and also was the engagement by the Defendants in intentional or negligent conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt, in violation of 15 U.S.C. § 1692d, and which resulted in an invasion of the Plaintiff's personal and financial privacy by a revelation of false financial information to third parties, including the general public, in violation of 15 U.S.C. § 1692c(b), and by interfering physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff by unlawfully attempting to collect a debt from him that he does not owe.

*False Representation or Implication That Communications Are from an Attorney*

46. The FDCPA prohibits FFIF VI and Buffaloe from representing that a document comes from an attorney unless an actual attorney has meaningfully reviewed the document, and any documents supporting the allegations in the document. *See Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008).

47. On information and belief, prior to filing the collection lawsuit, Buffaloe did not have in its possession any documents or information relating to the alleged debt including copies of documents showing that Plaintiff owed the alleged debt, and what collection efforts

had already been made prior to FFIF VI hiring Buffaloe to attempt collection from Plaintiff.

48. If Buffaloe had the documents or information possessed by FFIF VI that it had obtained from the original creditor, CCH, they would have shown that the debt allegedly owed by the Plaintiff did not exist and that the Plaintiff is not a candidate for legal action.

49. Because of this lack of documentation and information, Buffaloe was not able to review or evaluate the underlying facts of the claims asserted to exist against the Plaintiff prior to FFIF VI and Buffaloe filing the collection lawsuit against the Plaintiff.

50. Listing Buffaloe as FFIF VI's attorney on the civil summons falsely represents or implies to the least sophisticated consumer that an attorney employed by Buffaloe was professionally involved in the Plaintiff's file before the collection lawsuit was filed.

51. Communications in the form of the civil summons and sworn affidavit were false, deceptive, and misleading because they were not "from" an attorney in the meaningful sense of the word, and some degree of attorney involvement is required before a communication will be considered "from" an attorney within the meaning of the FDCPA.

52. The collection lawsuit purports that the communications in it came from a lawyer, but for all practical purposes, they did not.

53. Upon being served the collection lawsuit, the least sophisticated consumer, may reasonably believe that an attorney has reviewed his or her file and has determined that he or she is a candidate for legal action.

54. Listing Buffaloe as FFIF VI's attorney in the collection lawsuit, when none of Buffaloe's attorneys had been meaningfully involved with the Plaintiff's account prior to filing the collection lawsuit violates 15 U.S.C. §1692e's prohibition against false, deceptive, or

misleading communications, specifically § 1692e(3), because it falsely implies that an attorney, acting as an attorney, is involved in collection of the alleged debt.

*September 26, 2018 Credit Reports*

55. As stated above, the Plaintiff obtained copies of his TransUnion and Equifax credit reports on September 26, 2018.

56. Both credit reports show that FFIF Holdings communicated to Equifax and TransUnion that the Plaintiff owes the debt to FFIF Holdings, and while the Equifax credit report lists no name for the original creditor, the TransUnion credit report shows that the original creditor is CCH (NEWPORT MEDICAL CENTER), and this information was updated on September 10, 2018.

57. FFIF Holdings failed to communicate to TransUnion and Equifax on September 10, 2018 when it reported the alleged debt to each that the Plaintiff had disputed the debt allegedly owed to FFIF VI.

58. By failing to communicate to TransUnion, Equifax, the Plaintiff, and anyone else who accessed the Plaintiff's TransUnion and Equifax credit reports that the Plaintiff had disputed the alleged debt any time FFIF Holdings reported the alleged debt after the Plaintiff had disputed that he owed the alleged debt, FFIF Holdings communicated credit information which it knew or should have known was false, including the failure to communicate that the debt was disputed, in violation of 15 U.S.C. § 1692e(8), which is the use of false, deceptive, and misleading representations or means in connection with collection of any debt, and the use of false representations and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect any debt and the

13
Case 2:19-cv-00004-JRG-MCLC   Document 1   Filed 01/03/19   Page 13 of 16   PageID #: 13

collection of any amount not expressly authorized by any agreement and not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

### *Failure to Cease Collection of the Debt Until After Obtaining Verification of the Debt and Mailing it to Plaintiff*

59. The FDCPA, 15 U.S.C. §1692g(b) requires that:

    > If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

60. Plaintiff sent his dispute letter on May 14, 2018, well within the 30-day period after receipt of the 15 U.S.C. §§ 1692g(a) notices.

61. Despite the Plaintiff's timely written dispute, Buffaloe failed to provide a proper verification of the debt demanded in the collection lawsuit but continued to pursue collection of the debt with the pending collection lawsuit.

62. Instead of verifying the debt by providing an explanation of the amount demanded in the collection lawsuit that the Plaintiff had disputed in writing, the Defendants continued their collection actions in the form of credit reporting and the collection lawsuit, in violation of 15 U.S.C. § 1692g(b).

### *Respondeat Superior Liability*

63. In addition to individual liability under the FDCPA, the acts and omissions of Buffaloe as an agent for FFIF VI and who communicated with the Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principal, FFIF VI.

64. Buffaloe's acts and omissions were incidental to, or of the same general nature, as the responsibilities they were authorized to perform by FFIF VI in collecting consumer debts.

65. By committing these acts and omissions against the Plaintiff, Buffaloe was motivated to benefit its principal, FFIF VI.

66. FFIF VI is liable to the Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by all debt collectors employed as agents by FFIF VI including, but not limited to the above-cited violations of the FDCPA, in their attempts to collect the debt from the Plaintiff.

*Summary*

67. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

## TRIAL BY JURY

68. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNTS I-XI

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(2)(a), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g(b)

69. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

70. Defendants' foregoing acts and omissions constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, with respect to the Plaintiff.

71. As a result of the Defendants' FDCPA violations, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNTS I-XI

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(2)(a), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g(b)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for the Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for the Plaintiff; and

- for such other and further relief, as may be just and proper.

01/03/19          Respectfully submitted,

**CHARLES A. FOX**
s/ Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff